UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY JOSEPH PARCHEM, JR.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SUPERIOR COURT OF STANISLAUS COUNTY,<br><br>　　　　Defendant. | Case No. 20-01257 BLF (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a state inmate at the Correctional Training Facility in Soledad, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983.[1]  Dkt. No. 1.  Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

**DISCUSSION**

A. **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a

---

[1] The matter was initially dismissed on May 15, 2020, after Plaintiff failed to respond to the Clerk's notice regarding the failure to pay the filing fee or file an *in forma pauperis* application in the time provided. Dkt. Nos. 2, 6. The Court reopened the matter on June 1, 2020, after it appeared that Plaintiff had attempted to file an IFP application in a timely manner. Dkt. No. 10.

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Plaintiff's Claims**

Plaintiff claims that a recent California Court of Appeals decision in *People v. Duenas*, 30 Cal.App.5th 1157 (2019), requires "staying the execution of restitution" because restitution fines in his state criminal convictions were imposed without a determination as to his present ability to pay in accordance with California Penal Code § 1202.4 and Government Code § 70373. Dkt. No. 1 at 1-2. Plaintiff requests that "all fines, fees, and assessments in the aforementioned case(s) be reversed by this court with prejudice because the trial court has exceeded its statutory power in imposing the fines, fees, and assessments in violation of due process." *Id.* at 3.

The Court notes that Plaintiff titles his action, "Habeas Corpus – Complaint under the Civil Rights Acts 42 U.S.C. § 1983." Dkt. No. 1 at 1. To the extent that Plaintiff is challenging the restitution fine in his underlying state convictions through a federal habeas action in this Court, he may not. The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. *See* 28 U.S.C. §§ 2241(c), 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. *Id.* A habeas petitioner must be in custody under the conviction or sentence under attack at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Custody is not

2

found where the petitioner challenges only the money portion of a sentence that includes imprisonment, *see Bailey v. Hill*, 599 F.3d 976, 981 (9th Cir. 2010) (imprisoned petitioner failed to satisfy custody requirement for his petition challenging only the restitution component of his sentence because the "elimination or alteration of a money judgment, does not directly impact—and is not directed at the source of the restraint on—his liberty" as long as he has to serve the rest of his prison sentence in the same manner). Accordingly, such a challenge must be dismissed for lack of habeas jurisdiction.

Furthermore, even if habeas jurisdiction was not lacking, it does not appear that Plaintiff first sought a remedy in the state courts. Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "the initial 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted). The exhaustion requirement is satisfied only if the federal claim (1) has been "fairly presented" to the state courts, *see id.*; *Crotts v. Smith*, 73 F.3d 861, 865 (9th Cir. 1996); or (2) no state remedy remains available, *see Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). Here, there is no indication that Plaintiff satisfied either of these elements to satisfy exhaustion.

With respect to a § 1983 action, Plaintiff fails to satisfy the first element to state a § 1983 claim, i.e., that a right secured by the Constitution or laws of the United States was violated. *See West v. Atkins*, 487 U.S. at 48. Plaintiff asserts that he is entitled to relief based on a state appellate court decision that interpreted and applied state law. *See supra* at 2. He cannot transform what is essentially a state-law issue into a federal one merely by asserting a violation of due process. *See, e.g.*, *Langford v. Day*, 110 F.3d 1380, 1389 (9th

3

Cir. 1996). As he points out, the trial court "retains jurisdiction for purposes of imposing or modifying restitution fines pursuant to Penal Code § 1202.46." *Id.* at 3. Accordingly, Plaintiff must present this claim to the trial court, *i.e.*, the Superior Court of Stanislaus County, to receive an appropriate remedy under state law.

## CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED with prejudice** for failure to state a claim for which relief can be granted. *See* 28 U.S.C. § 1915A(b)(1),(2).

**IT IS SO ORDERED.**

**Dated:  __October 7, 2020_____**

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
PRO-SE\BLF\CR.20\01257Parchem_dism(ftsac)